UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00453

**Shane Harrison**,

*Petitioner,*

v.

**Texas Department of Criminal Justice**,

*Respondent.*

### ORDER

Petitioner Shane Harrison, a prisoner confined within the Texas Department of Criminal Justice proceeding pro se, filed this petition for a writ of habeas corpus. The case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b). Doc. 2.

On December 11, 2024, the magistrate judge ordered petitioner to pay the requisite $5.00 filing fee or submit a motion for leave to proceed *in forma pauperis* within 30 days. Doc. 3. Petitioner received the order on December 17, 2024, and did not respond. Doc. 4.

On May 9, 2025, the magistrate judge entered a report and recommendation that petitioner's case be dismissed for want of prosecution and failure to obey the December 11, 2024 order. Doc. 5. Petitioner received the report on May 20, 2025. Doc. 6. No objections have been filed, and the timeframe for doing so has passed.

When no party objects to the magistrate judge's report and recommendation, the court reviews it only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Having reviewed the magistrate judge's report and being satisfied that it contains no clear error, the court accepts its findings and recommendation. Accordingly, the habeas petition is denied, and the case is dismissed for failure to prosecute and for failure to comply with a court order.

The court does recognize that such dismissal is functionally with prejudice because the habeas petition here would be likely

time-barred if petitioner refiles. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191–92 (5th Cir. 1992) (holding that dismissal for failure to prosecute where further litigation would be time-barred constitutes a dismissal with prejudice, which is only appropriate where "there is a clear record of delay or contumacious conduct by the plaintiff"). However, on this record, where petitioner has not communicated with the court at all since filing his initial habeas petition over eight months ago and, in that time, has not responded to repeated communications (Docs. 3, 5), the court is also unable to conclude that equitable tolling is warranted. *See Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (unpublished) (equitable tolling was not appropriate where petitioner had "failed to establish that he actively pursued his judicial remedies or otherwise acted diligently"); *see also Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855 (5th Cir. July 1, 2022) (noting that dismissal with prejudice can be appropriate where there are "significant periods of total inactivity").

Faced with these competing considerations, and because the petitioner is free to move for reconsideration of this order under Federal Rules of Civil Procedure 59 and 60, the court determines that dismissal is appropriate at this stage. Any pending motions are denied as moot.

*So ordered by the court on July 22, 2025.*

J. Campbell Barker
United States District Judge